UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEGRA NETWORK LLC,
ET AL.,

           Plaintiffs,

-vs-

J. MICHAEL CORMACK and
SHERRIE L. CORMACK,

           Defendants.

_____ /

Case No. 11-13087
District Judge Nancy G. Edmunds
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION RE: CONTEMPT**

On September 10, 2012, Plaintiff filed a Report on Defendants' Failure to Comply with the Court's Injunction Order and Motion for an Order to Show Cause [Doc. #45]. Plaintiffs alleged that the Defendants are operating a Competitive Business known as Hog Country Media at 659 Appleby Road, Fayetteville, Arkansas, in violation of this Court's Order of August 20, 2012 [Doc. #42], granting a preliminary injunction. On September 18, 2012, I ordered Defendants to "show cause, in writing, on or before September 27, 2012, why they should not be found in contempt of court for violating the Court's August 20, 2012 Order granting a preliminary injunction." [Doc. #47]. On September 27, 2012, Defendant Michael Cormack filed a response [Doc. #48], to which was attached a previous affidavit he filed on September 4, 2012 [Doc. #44].

Having reviewed the parties' submissions, I recommend that Defendants J. Michael Cormack and Sherrie L. Cormack be ordered to appear before the Honorable Nancy G. Edmunds upon a day certain to show cause why they should not be adjudged in contempt by reason of the facts certified in this Report and Recommendation.

-1-

## I.   CONTEMPT PROCEDURE UNDER FEDERAL MAGISTRATE JUDGES ACT

Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides as follows:

> "[T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

The conduct complained of in this case–Defendants' failure to comply with the terms of a preliminary injunction–would constitute a civil contempt; therefore, I must proceed under the above section.

## II.   CERTIFICATION OF FACTS

The August 20, 2012 preliminary injunction provided as follows:

Defendants must immediately cease and refrain from having any direct or indirect interest as an owner (whether of record, beneficially, or otherwise), investor, partner, director, officer, employee, consultant, representative, or agent in any Competitive Business (as defined in the parties' Franchise Agreement) within ten (10) miles of their former Insty-Prints location at 659 Appleby Road, Fayetteville, Arkansas, or within five (5) miles of any other Allegra franchised center, for a period of two years from the date of this order[.]

-2-

The preliminary injunction also ordered Plaintiffs to file a written report, on or around September 10, 2012, "setting forth in detail the manner in which Defendants have or have not complied with [the preliminary injunction.]"  On September 10, 2012, Plaintiffs submitted that update in conjunction with their motion to show cause and for sanctions. [Doc. #45].  Plaintiffs attached two declarations to show that Defendants were and are not complying with the preliminary injunction.

James Miller, a private investigator, states that he went to 659 E. Appleby Road and observed that the building and front door identified Hog Country Media as being the business operating there.  (Pls.' Mot. at 1, Ex. A, Miller Decl. ¶¶ 2-4.)  Miller also states that Defendants appeared to be operating their business as they had prior to the preliminary injunction.  (*Id.* ¶ 5.)  Miller states that when he entered the building on August 24, 2012, employees appeared to be conducting business  (*Id.* ¶ 6.), adding that he returned to 659 E. Appleby three days later and, while he did not go into the building, he noticed that lights were on and that a car was in the parking lot.  (*Id.* ¶ 8.)  Miller states that on the same day, he called the number listed for Hog Country Media. A woman answered, and when questioned, stated that Hog Country Media's business hours were 8 a.m. to 5 p.m., Monday through Friday.  (*Id.* ¶ 9.)

Plaintiffs also submit the declaration of Leslie T. Havens, Miller's stepmother. (Pls.' Mot., Ex. B., Havens Aff.)  She states that on September 6, 2012, she went to 659 E. Appleby, entered Hog Country Media, and saw an employee assisting a customer.  (*Id.* ¶ 4.)  After she waited for a short time, another employee came from the back and asked is she could assist Havens.  (*Id.* ¶ 5.)  Havens states that she discussed prices, quantity, and types of business cards Hog Country Media offered.  (*Id.*)  Havens concluded that a business, Hog Country Media, was operating at 659 E. Appleby.  (*Id.* ¶ 6.)

In an affidavit filed on September 4, 2012 [Doc. #44], Defendant Michael Cormack states that he and his wife "have urgently retained Lindsey and Company Real Estate Company to locate a building that is in excess of 10 miles from 659 Appleby . . . in which to operate Hog Country Media, LLC."  (*Id*. at 1.). With regard to his compliance with the preliminary injunction, he states that neither he nor his "current business, Hog Country Media, LLC," identify themselves as a current or former Insty-Print Center or as a current or former Allegra franchisee. He goes on in seven numbered paragraphs to explain how he and his wife are not doing anything that would associate their business with Allegra or Insty-Print, but does not specifically deny that they are operating a printing/copying business at the location in question.

In a response filed on September 27, 2012 (to which the above affidavit is attached), Mr. Cormack states that "Hog Country Media was closed August 29, 30, 31 and (Labor Day) September 3, 2012." He concludes as follows:

> "On September 3, 2012 we sold our ownership interest of Hog Country Media to Lisa Luhrs.  She was a longtime employee who worked for the previous owner. Until we sell/lease the building or she finds a cheaper/smaller location, we have agreed to lease a portion of the building to her."

## III.   DISCUSSION

The preliminary injunction in this case bars the Defendants from having a direct *or indirect* interest in a competitive business within 10 miles of the Appleby Road location. This provision has nothing to do with whether any such competitive business is identified as an Insty Print Center or an Allegra franchisee. Those matters are the subject of separate portions of the preliminary injunction. Thus, Mr. Cormack's affidavit of September 4, 2012 does not answer the question of whether he is in violation of the preliminary injunction, and does not refute the Defendants' showing that he is operating Hog Country Media, a "competitive business," on the premises.

-4-

Nor is Defendants' response of September 27, 2012 [Doc. #48] satisfactory proof that they are not in violation of the preliminary injunction. Defendants claim that they sold Hog Country Media to Lisa Luhrs on September 3, 2012, and that they are leasing the Appleby Road premises to her. At best, this gives the Defendants an indirect beneficial interest in a competitive business. At worst, Ms. Luhrs is nothing more than the Defendants' nominee, and the arrangement is a sham. Either way, the Defendants are in violation of both the letter and the spirit of the preliminary injunction.[1]

## IV.   CONCLUSION AND RECOMMENDATION

The Plaintiff has shown by clear and convincing evidence that the Defendants are in civil contempt of court, and sanctions are therefore appropriate.

The purpose of civil contempt is compensatory and remedial, not punitive. *In the Matter of Grand Jury Investigation*, 748 F.Supp. 1188, 1199 (E.D. Mich. 1990). "The district court has inherent authority to fashion the remedy for contumacious conduct." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 557 (6th Cir. 2006). Daily fines or incarceration may be appropriate. *United States v. Work Wear Corp.*, 602 F.2d 110, 115 (6th Cir. 1979) ("Civil contempt is meant to be remedial and to benefit the complainant...by coercing the defendant to comply with the Court's order vial a conditional fine or sentence...").

I THEREFORE RECOMMEND as follows:

(1) That Defendants be ordered to appear before the Honorable Nancy G. Edmunds upon a day certain to be set by the Court, to show cause why they should not be adjudged in contempt by reason of the facts certified in this Report and Recommendation;

---

[1] Paragraph 8(f) of the preliminary injunction [Doc. #42] precludes the Defendants from "[u]nfairly competing with Allegra Network, Allegra Holdings or Allegra Network's franchises, *in any manner*." (Emphasis added).

(2) That if, by the date of the show cause hearing, Defendants have not ceased all offending operations, including operations by lessees, they be found in contempt of court and subject to sanctions for civil contempt;

(3) That as part of these sanctions, the Court impose a conditional fine of $100.00 per day, beginning on the date a contempt order is entered, until Defendants comply with this Court's order. If the Defendants have not complied within 28 days of this Court's contempt order, the fine should be increased to $500 per day. *See Allegra Network, LLC v. Bagnall*, 11-11131, 2012 WL 1150988 (E.D.Mich. Apr. 6, 2012) (Cleland, J.)  (imposing a $100 per day fine for twenty-eight days and then a $500 per day fine for twenty-eight days);

(4) That Plaintiffs be awarded reasonable costs and attorney fees. *Id.*

## V.   NOTICE AS TO OBJECTIONS

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The

response shall address specifically, and in the same order raised, each issue

contained within the objections.

                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE
Date: November 2, 2012


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on November 2, 2012.

Michael J. Cormack                       Johnetta M. Curry-Williams
P O Box 6278                             Case Manager
Van Buren, AK 72956

Sherrie L. Cormack
P O Box 6278
Van Buren, AK 72956