UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEGRA NETWORK LLC,
ET AL.,

                Plaintiffs,

-vs-

J. MICHAEL CORMACK and
SHERRIE L. CORMACK,

                Defendants.

_____ /

Case No. 11-13087
District Judge Nancy G. Edmunds
Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss and Reservation of Counterclaim [Doc. #37], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be DENIED.

## I.   BACKGROUND

Plaintiffs filed their complaint on July 15, 2011, alleging trademark infringement (Count I), unfair competition (Count II), and breach of contract (Count III). These allegations arise out of the termination of a franchise agreement between Plaintiffs and Defendants.  The underlying facts are set forth in the Court's Opinion and Order granting a preliminary injunction [Doc. #42].  To sum it up, Defendants signed a franchise agreement with Plaintiffs permitting them to operate an Insty Prints Center franchise in Fayetteville, Arkansas. After advising Defendants that they were in default of the agreement, and after Defendants failed to cure the default, the Plaintiffs terminated the franchise agreement on April 1, 2011.  Plaintiffs allege that Defendants have breached

their post-termination obligations, including a non-compete agreement.[1]

Plaintiffs answered the complaint through counsel on September 7, 2011. A scheduling conference was held on October 18, 2011. On December 12, 2011, the case was administratively closed because the Defendants filed a bankruptcy petition, and was reopened on March 12, 2012. Another scheduling conference was held on April 10, 2012. On April 16, 2012, Defendants' attorney was permitted to withdraw, and Defendants are now proceeding *pro se*. A settlement conference was held on August 2, 2012, but the case did not settle. Defendants filed the present motion on August 8, 2011.

## II.   STANDARD OF REVIEW

### Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court set forth a "two-pronged approach" to assessing motions under Ruld 12(b)(6).

---

[1] In the preliminary injunction [Doc. #42], Plaintiffs were enjoined from having any interest in a competitive business located within 10 miles of their former Insty Prints franchise at 659 Appleby Road, Fayetteville, Arkansas. On November 2, 2012, I filed a Report and Recommendation [Doc. #49] that they be ordered to appear for a show cause hearing, and that if they have not ceased having an interest in this competitive business by the date of that hearing, they be found in contempt.

First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

## Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*,

477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III.   DISCUSSION

#### A.   Dismissal of the Complaint

While Defendants entitle their pleading a "motion to dismiss," it is unclear whether it is a motion under Fed.R.Civ.P. 12(b)(6), a motion for judgment on the pleadings under Rule 12(c), or a motion for summary judgment under Rule 56(c). While Plaintiffs argues that any of these motions should be denied on procedural grounds (for example, they posit that a Rule 12(b)(6) motion is untimely), the fact is that however the Defendants' motion is construed, it fails on the merits.

Defendants hang their hats on three arguments. First, they argue that the Franchise Agreement, which is appended to their motion, states at ¶ 1.D that the franchise is to be operated at a location in Waterbury, Connecticut, not Fayetteville, Arkansas. Therefore, say the Defendants, they are not in violation of the agreement because they are not operating a competitive business within 10 miles of Waterbury, Connecticut. However, the first paragraph of the Agreement shows the Defendants' principal place of business as 659 Appleby Road, Fayetteville, Arkansas, 72703, and the Insty-Prints Rider to the Franchise Agreement clearly states that the Agreement pertains to "the operation of an Insty-Prints Center located at 659 Appleby Road, Fayetteville, Arkansas 72703."  At the proceedings regarding the preliminary injunction, Mr. Cormack conceded that he was operating his printing business in Fayetteville. As Plaintiffs aptly point out, "Mr. Cormack has had no trouble finding his way to work for the past five-plus years" at the

-4-

Fayetteville location. *Plaintiff's Response* [Doc. #43], at 6. The reference to Waterbury, Connecticut is clearly a typographical error, but in any event, any discrepancies in the Agreement would at most be a contractual ambiguity that would have to be resolved by the trier of fact. This ambiguity cannot form the basis of either a motion to dismiss or a motion for summary judgment.

Defendants next contend that they "never intended to purchase the Franchise individually but rather under the business entity of HC Media, LLC," apparently arguing that they are not personally bound by the Agreement. *Defendants' Motion*, ¶ 11. However, the Franchise Agreement was clearly signed by both Cormacks as individuals.

Finally, the Defendants argue that they never received written notice of their default under the Agreement. In the preliminary injunction proceedings, the Plaintiffs submitted exhibits showing that in fact they sent the Cormacks notice of the default (Exhibit 102) and subsequently a letter terminating the Franchise Agreement because of the failure to cure the default (Exhibit 103). *See Opinion and Order re: Preliminary Injunction* [Doc. #42], at 3-4. The Defendants' protestations that they did not receive notice would at best create an issue of disputed fact, and could not therefore support either a dismissal of the complaint or summary judgment in their favor.

So, procedural defects aside, the Defendants have not shown any defect in the Complaint that would violate the *Iqbal* standard under Rule 12(b)(6) or Rule 12(c), nor have they shown the absence of any genuine issue of material fact that would entitle them to summary judgment. Their self-styled motion to dismiss should therefore be denied.

### B.    Reservation of Counterclaims

Fed.R.Civ.P. 13(a)(1) provides as follows regarding compulsory counterclaims:

**(1)** ***In General.*** A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the

claim:

**(A)** arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

**(B)** does not require adding another party over whom the court cannot acquire jurisdiction.

The Sixth Circuit has endorsed a "logical relationship" test to determine whether a counterclaim is compulsory under Rule 13.  "Under this test, we determine whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Sanders v. First Nat. Bank & Trust Co. in Great Bend*,  936 F.2d 273, 277 (6ᵗʰ Cir. 1991), citing *Moore v. New York Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). In *Sanders*, the Court found that counterclaims of breach of the statutory duty of good faith, fraud and duress "would involve largely the same issues of fact and the same evidence as that necessary for the" original action. *See also Kane v. Magna Mixer Co.*, 71 F.3d 555, 562 (6ᵗʰ Cir. 1995)  ("[A] claim's compulsory status depends on whether (1) the claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim; *and* (2) the claim is one that the party 'has' at the time that the party is to file his responsive pleading"). (Emphasis in original).

In addition, "[u]nder Federal Rule of Civil Procedure 13(a), a compulsory counterclaim must be asserted in responsive pleadings or it is 'thereafter barred.'" *United States v. Dico, Inc*., 136 F.3d 572, 577 (8ᵗʰ Cir. 1998).  *See also Harbor Ins. Co. v. Continental Bank Corp*.,  922 F.2d 357, 360 (7ᵗʰ Cir. 1990)("A compulsory counterclaim is compulsory; unless set forth in the answer to the complaint it is waived.").

In the present case, Defendants' purported counterclaim of "fraud in the inducement of the execution of the Franchise Agreement" existed at the time they filed

-6-

their Answer through counsel, and "arises out of the same transaction or occurrence that is the subject matter" of the Plaintiffs' claims. *Kane, supra* at 562. It is therefore a compulsory counterclaim that should have been pled when the Answer was filed. *See Krisa v. Equitable Life Assur. Soc.*, 109 F.Supp.2d 316, 322 (M.D.Pa. 2000)(fraud in the inducement arising out of the same transaction that undergirds the original complaint must be pled as a compulsory counterclaim); *National Equip. Rental, Ltd. v. Fowler,* 287 F.2d 43, 45 (2d Cir.1961) (holding that lessee's fraud in the inducement claim should have been pleaded as a compulsory counterclaim where lessor's original claim was for breach of the lease). Defendants have waived their right to file a counterclaim, much less to "reserve" their right to bring a counterclaim of fraud in the inducement more than a year after they filed their Answer.

## IV.   CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss and Reservation of Counterclaim [Doc. #37] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE
Date: December 3, 2012


                          CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on December 3, 2012.

J. Michael Cormack                    s/Johnetta M. Curry-Williams
Sherrie L. Cormack                    Case Manager
PO Box 6278
Van Buren, AR 72956-0241


                                 -8-